IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY METCALF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS AND STATE |
| | ) | SUPPLEMENTAL CLAIMS |
| Maria Flamburis, Michael Flamburis, | ) | |
| Bryan Mack, and Steven Alvarado, | ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Kimberly Metcalf ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendants Bryan Mack ("Mack") and Steven Alvarado ("Alvarado") were Metra Police Officers/Detectives/Commanders, were employed by Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, ("METRA") as a police officer, Detective, Commander or other agent of METRA, and were acting under color of state law and as the employee, agent, or representative of METRA. These Defendants are being sued in their individual capacity.

5. At all times herein mentioned, Defendant Michael Flamburis was employed by the Cook County Sheriff's Department as the employee, agent, or representative of the Sheriff's Department and was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department.

6. At all times herein mentioned, Defendant Maria Flamburis is known to be a citizen of Cook County and was the wife of Michael Flamuburis and at all material times was acting in concert with Michael Flamburis and others as set forth below in this complaint.

## FACTUAL ALLEGATIONS

7. On or about November 21, 2016, Plaintiff was lawfully riding in a Metra train to go to work in Cook County, Illinois.

8. On that date, while Plaintiff was getting ready to exit the train, she stood up and waited near the train car's door for the train to stop so that she could exit.

9. While in the position described above, Maria Flamburis moved past Plaintiff, pushing Plaintiff while Plaintiff was standing by the train car's door. Plaintiff asked Defendant Maria Flamburis not to push Plaintiff.

10. Maria Flamburis subsequently became angrier at Plaintiff and was saying hostile things to Plaintiff.

11. Shortly thereafter, the train arrived to the station and Plaintiff departed the train and lawfully went about her business.

12. The following day the Plaintiff rode the same train without incident. Mike Flamburis, Maria Flamburis' husband was also riding the train this day.

13. Mike Flamburis is a member of the Cook County Sheriff's Department.

14. Plaintiff was arrested after she got off the train.

15. Plaintiff was subsequently handcuffed and transported to a Chicago Police Department District for processing.

16. Metra Police Officers Tina Washington, Chris Szkiluk and Detective S. Alvarado, participated in arresting Plaintiff.

17. Mike Flamburis was familiar with and knew Defendants Bryan Mack and Detective Alvavardo. They and Maria Flamburis were working in concert with one another to do the acts set forth in this complaint.

18. The foregoing defendants conspired with one another to cause the arrest of Plaintiff.

19. The acts done by Defendants and each of them were done under color of law and in concert with and in a conspiracy with one another to cause the false arrest and criminal prosecution of Plaintiff.

20. Plaintiff was charged with an assault, by allegedly placing, "Maria Flamburis in reasonable apprehension of a battery."

21. The police report was false in all material respects, and especially wherein it states that the Plaintiff physically pushed Maria Flamburis. The latter acknowledged that the report was false at the subsequent criminal trial of Plaintiff.

22. Plaintiff was targeted for the arrest solely because she had a dispute with Maria Flamburis, and her husband knew of the other defendants/police personnel who could assist in causing the arrest to occur in retaliation for the dispute.

23. Plaintiff did not consent to this conduct or consent to be arrested.

24. There was no legal cause, including reasonable suspicion or probable cause to seize, arrest and charge Plaintiff with any crimes.

25. Plaintiff had a criminal trial that was caused by all of the above-named Defendants and commenced on April 11, 2017. At that trial, the Plaintiff was found not guilty of any crimes.

26. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all in an amount to be ascertained.

27. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

28. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF AGAINST ALL DEFENANTS FOR**
**UNREASONABLE SEIZURE**

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

30. There was no legal cause to subject Plaintiff to a detention and/or an arrest.

31. By reason of the conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

32. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: the seizure, including arrest of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS AND FOR THE CLAIM OF MALICIOUS PROSECUTION PURSUANT TO SECTION 1983

33. Plaintiff incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

34. Defendants and each of them caused a criminal prosecution to commence and continue against Plaintiff. There was no probable cause to cause this prosecution.

35. Defendants continued this criminal action against Plaintiff without probable cause for the institution of these proceedings.

36. The criminal action terminated in Plaintiff's favor by a not guilty verdict on April 11, 2017.

37. Plaintiff was injured by the acts of Defendants, which included, but are not limited to the loss of certain Fourth and Fourteenth Amendment rights as a result of the arrest and prosecution.

38. Plaintiff was also injured emotionally, financially, and otherwise because of the acts of Defendants and the loss of certain constitutionally protected liberty and related rights.

39. The Defendants initiated, facilitated, and/or continued this malicious prosecution by, among other things, the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

40. Therefore, Defendants are liable to Plaintiff under 42 U.S.C. section 1983.

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Edward M. Fox

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    s/Edward M. Fox

              ED FOX & ASSOCIATES, LTD.
              Attorneys for Plaintiff
              300 West Adams, Suite 330
              Chicago, Illinois 60606
              (312) 345-8877
              efox@efox-law.com