UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY METCALF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18 C 7637 |
| MARIA FLAMBURIS, MICHAEL FLAMBURIS, BRYAN MACK, and STEVEN ALVARADO, | ) Judge Rebecca R. Pallmeyer ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly Metcalf ("Metcalf"), as well as Dominique Wilson ("Wilson"), and Maria Flamburis ("Maria"), were passengers on a Metra train bound for Chicago on November 21, 2016. An altercation arose, and after arriving at work, Maria called the Metra police hotline, reporting that Plaintiff had assaulted her. She also called her husband, Michael Flamburis ("Michael"), a Cook County Sheriff's investigator, and told him about the incident. The next day, Steven Alvarado ("Alvarado"), a Metra police officer, arrested Plaintiff on assault charges. Plaintiff was found not guilty at trial, and this lawsuit followed. Plaintiff has filed claims of unlawful seizure, malicious prosecution, and conspiracy under 42 U.S.C. § 1983 against Defendants Maria and Michael Flamburis, Officer Alvarado, and his commanding officer, Bryan Mack. Defendants Mack and Alvarado have moved for summary judgment on the claims against them. For the reasons stated here, that motion is granted with respect to Plaintiff's malicious prosecution claim and otherwise denied.

## BACKGROUND

On November 21, 2016, Plaintiff Kimberly Metcalf and Maria were aboard a Metra train bound for Chicago. (Plaintiff Metcalf's Deposition, Exh. A to Def.'s Statement of Material Facts [55-1] (hereinafter, "Pl.'s Dep.") 15:15-16; Maria Flamburis Deposition, Exh. B to Def.'s Statement of Material Facts [55-2] (hereinafter, "Maria Dep.") 10:4-9.) Maria was initially seated beside

another passenger, Dominique Wilson, who was having an audible conversation on her phone. (Pl.'s Dep. 16:3-4; Maria Dep. 11:16-17.) Maria got up and moved to another seat. (Pl.'s Dep. 17:21-23; Maria Dep. 13:1-3.) Plaintiff subsequently stood up from her seat and stood in the aisle beside the garbage can, between where Maria was seated and the exit, preparing to disembark. (Pl.'s Dep. 18:1-4; Maria Dep. 14:1-2.) The parties dispute what happened next. Plaintiff claims that she felt herself pushed in the back, and turned around to see Maria and Wilson in an altercation. (Pl.'s Dep. 19:9-11.) Plaintiff claims she said, "don't push me" to Maria, and told Wilson "don't entertain this." (*Id.* 19:11-12.) According to Plaintiff, she took no other action. Maria contends, however, that when she stood up to disembark, Plaintiff and Wilson confronted her. (Maria Dep. 14:21-16:2.) Wilson pushed her, she asserts, and Plaintiff told her to "watch herself." (*Id.* 15:14-18; 18:4-9.)

Later, after she arrived at work, Maria called the Metra police hotline, and reported that she had been "assaulted and battered." (Maria Dep. 20:4-16; 21:5-9.) She does not explain why she waited to place the call until arriving at work, but does note that she only has about five minutes to board her shuttle, and that missing it would require her to wait 20 minutes for the next one. (*Id.* 18:20-23.) After ending her phone call with Metra police, Maria called her husband, Co-Defendant Michael Flamburis (who is not a party to this motion), and told him about the incident and her phone call to Metra police. (*Id.* 23:17-24:2.) Michael is an internal affairs investigator for the Cook County Sheriff's Office. (Michael Flamburis Deposition, Exh. C to Def.'s Statement of Material Facts [55-3] (hereinafter, "Michael Dep.") 6:2-12.)

Later that day, Defendant Steven Alvarado, a Metra Police Department detective, called Maria to confirm the details of the altercation. (Maria Dep. 25:9-10; Alvarado Deposition, Exh. H to Def.'s Statement of Material Facts [55-8] (hereinafter, "Alvarado Dep.") 5:18-21; 15:24-16:7.) Alvarado testified that he made the call in response to an e-mail he received from his Division Supervisor Brian Peters. (*Id.* 14:24-15:6.) Alvarado initially testified that the e-mail "may have" disclosed that Maria's husband Michael was a Cook County Sheriff; he later acknowledged that

2

it did convey this information. (*Id.* 15:13-20; 18:12-13.) According to Alvarado, Maria told him that the assault consisted of Plaintiff's telling Maria to "watch herself"; that Maria believed "if she responded verbally, that she may have been struck"; and that the battery was "a simple shove [by Wilson]." (*Id.* 16:13-24.) Alvarado and Maria agreed that Alvarado would be present on the train the next day. (Maria Dep. 26:22-27:10.)

Maria put her phone on speaker during this conversation, and her husband Michael participated. (Alvarado Dep. 18:2-3.) Alvarado recalls that Michael wanted to know "what the procedure was going to be, when an arrest would be made and how soon." (*Id.* 18:8-9.) Alvarado contacted Maria once more on November 21 or early the following morning, to verify that she was willing to sign complaints, show up to court, and identify Plaintiff and Wilson. (*Id.* 25:15-24.)

The following day, November 22, 2016, Alvarado and other officers boarded the train, planning to arrest Plaintiff and Wilson. (*Id.* 26:14-16.) Michael was also present. (*Id.* 29:11-14.) Before making the arrest, Alvarado had Maria sign the complaints, verifying that all information of the complaints was "true and accurate." (*Id.* 28:5; 17-23.) With respect to Plaintiff, the complaint stated:

> [Metcalf,] [w]ithout lawful authority, knowingly placed Maria Flamburis in reasonable apprehension of receiving a battery. To wit: Stating "You better watch yourself", after already having been battered by a co-defendant. The threatening statement made by the defendant, made the victim/complainant fear a future battery would be committed upon her.

(Def.'s Criminal Compl., Exh. F to Def.'s Statement of Material Facts [55-6] 1.)

After speaking with Defendants Mack and Alvarado, Lieutenant Richard Guerrero determined there was probable cause and approved the charge against Plaintiff. (Guerrero Deposition, Exh. G to Def.'s Statement of Material Facts [55-7] (hereinafter, "Guerrero Dep.") 27:6-9; 30:1-8.) Guerrero acknowledged in his deposition that he did not see the complaint itself, and testified that if he had, Maria's stated fear of a "future battery" in the complaint would have raised a "red flag." (*Id.* 18:7-12.) He explained that to qualify as an assault, she would have had to fear an "immediate battery." (*Id.* 18:18.)

3

As Plaintiff and Wilson began to disembark the train, Maria identified them to Alvarado. (Alvarado Dep. 32:7-10.) The arrest team then took Plaintiff and Wilson into custody on the train platform. (*Id.* 33:11-13.)

Following a bench trial in the Circuit Court of Cook County, Judge Anthony John Calabrese found Plaintiff not guilty of assault based on his assessment of "[t]he allegation as charged. The inconsistency of the police reports. The requirements of the specific law." (Transcript of Proceedings April 11, 2017, Exh. J to Def.'s Statement of Material Facts [55-10] (hereinafter, "Tr.") 133:23-134:10; 138:13-22.) Plaintiff's co-defendant, Wilson, was also found not guilty. (Tr. 138:13-22.) This lawsuit followed. Plaintiff alleges claims of unreasonable seizure, malicious prosecution, and conspiracy under 42 U.S.C. § 1983 against Defendants Mack and Alvarado, and Maria and Michael Flamburis. (Pl.'s Compl. [1].) Plaintiff alleges that there was no probable cause for her arrest (*id.* ¶¶ 30-32), and that Defendants caused a criminal prosecution to commence and continued that prosecution without cause. (*Id.* ¶¶ 34-35.) Plaintiff further alleges that Defendants conspired with one another and with the Flamburises to cause the false arrest and criminal prosecution of Plaintiff. (*Id.* ¶ 19.) Defendant Police Officers Mack and Alvarado seek summary judgment [53], arguing that there is no genuine issue of material fact as to Plaintiff's claim that Detective Alvarado lacked probable cause for her arrest. (Defs.' Mem. in Supp. of Mot. for Summ. J. [54] (hereinafter, "Defs.' Mem.") 1.)

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts that demonstrate disputed material facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is genuinely in dispute when "a reasonable jury could return a verdict

4

for the nonmoving party." *See id.* at 248. In deciding a motion for summary judgment, the court must read the facts in a light most favorable to the non-moving party. *See id.* at 255.

## DISCUSSION

### I.     Unreasonable Seizure

Defendants contend that the arrest was supported by probable cause. They note that "[a] police officer has probable cause to effect an arrest 'when the facts and circumstances that are known to him reasonably support a belief that the individual has committed, is committing, or is about to commit a crime.'" (Defs.' Mem. 5 (citing *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007)).) Plaintiff argues that Defendants lacked probable cause under this standard. She notes that Guerrero, who approved the charges, himself entertained doubt as to whether Plaintiff's conduct met the elements of assault. (Pl.'s Resp. in Opp'n to Summ. J. [64] 4.) Indeed, Guerrero testified at his deposition that had he seen the complaint, and specifically the words "future battery" therein, it "would have raised a red flag." (Guerrero Dep. 18:7-12.) Additionally, according to Alvarado, Plaintiff's alleged assault on Maria consisted of Plaintiff telling her to "watch herself," and Maria's concern that she might be struck *if* she responded to Plaintiff verbally. (Alvarado Dep. 16:13-17.) As confirmed in Guerrero's own deposition testimony, this fear of a possible future battery does not constitute an assault. (*See* Guerrero Dep. 18:18.) Defendants also argue that "the record is devoid of any evidence demonstrating Bryan Mack's involvement in the arrest of the Plaintiff." (Defs.' Mem. 8.) Guerrero testified, however, that he spoke with and deferred to Mack and Alvarado in approving the arrest warrant. (Guerrero Dep. 11:19-19:16.) Viewing the facts in the light most favorable to Plaintiff, this raises a genuine question of material fact as to Mack's involvement.

In this case, at least one officer (Guerrero) would not have found the complaint reasonably supported a belief that Plaintiff had committed a crime, and the description of the events that Maria gave to Alvarado did not outline the elements of an assault. Guerrero deferred to Mack and Alvarado in approving the arrest warrant. Because there are genuine issues of material fact

5

regarding whether Defendants had probable cause to arrest Plaintiff, and regarding the nature and degree of Mack's involvement, summary judgment is denied as to this claim.

## II.     Malicious Prosecution

Plaintiff also asserts that Defendants are liable under Section 1983 for malicious prosecution. According to Plaintiff, Defendants commenced and continued a criminal prosecution against her without probable cause, in violation of her Fourth and Fourteenth Amendment rights. Plaintiff does not assert a state-law malicious prosecution claim (*see* Pl.'s Compl.). The court grants Defendants' motion for summary judgment on this claim because "there is no such thing as 'Fourth Amendment malicious prosecution.' Wrongful arrest or detention creates a wrongful-seizure claim, plain and simple, and the constitutional objection is to wrongful custody rather than to a criminal prosecution." *Stone v. Wright*, 734 F. App'x 989, 989 (7th Cir. 2018) (citing *Manuel v. City of Joliet*, 137 S. Ct. 911, 917-20 (2017)); *see also Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019) ("[T]he initiation of formal legal process following an arrest does not convert a Fourth Amendment unreasonable-seizure claim 'into one founded on the Due Process Clause.'" (quoting *Manuel*, 137 S. Ct. at 919)); *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (explaining that "[t]here is no such thing as a constitutional right not to be prosecuted without probable cause," and that the "wrong" under the Fourth Amendment "is the detention rather than the existence of criminal charges . . ." (internal quotation marks omitted)).

Plaintiff's alleged arrest without probable cause is encompassed in her unreasonable seizure claim. Her prosecution as a result of that arrest, however, is not a cognizable claim under federal law. It is also worth noting that there is no evidence in the record showing that Defendants Alvarado and Mack played any role in Plaintiff's criminal trial. The only witnesses who testified at trial were Defendant Maria, eyewitness Kim Noto, Wilson, and Plaintiff herself. Defendants' motion for summary judgment on this claim is granted.

6

**III.     Conspiracy**

That leaves Plaintiff's conspiracy claim.  To support a claim of conspiracy under §1983 a plaintiff must prove that defendants, acting under color of law, reached an agreement with one another for the purposes of depriving the plaintiff of a federally protected right.  *Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000).

Defendants contend they are entitled to summary judgment on this claim for two reasons.  The first of these—that there was probable cause for the arrest, hence no underlying constitutional claim—can be dispatched for the reasons already discussed:  the court has found disputes of material fact on this issue.  Defendants' second argument fares no better.  They contend that there is no evidence that they acted in concert with the Flamburises.  All that is required for Plaintiff to show a conspiracy under Section 1983, however, aside from the underlying constitutional violation, is to "demonstrate that the defendants agreed to inflict the constitutional harm."  *Hurt v. Wise*, 880 F.3d 831, 842 (7th Cir. 2018) (citing *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011)).

Alvarado testified that he spoke to Maria and Michael Flamburis by telephone the day before the arrest (Alvarado Dep. 16:5-18:13), and that he conferred with Maria in drafting the complaint.  (*Id.* 23:7-24:2.)  Alvarado knew that Michael Flamburis was a Cook County Sheriff's Deputy and heard Michael Flamburis on the phone, urging an arrest.  (*Id.* 18:8-13.)  Guerrero testified that he spoke with and deferred to Mack and Alvarado in approving the arrest warrant.  (Guerrero Dep. 11:19-19:16.)  These facts could lead a reasonable jury to conclude that Mack and Alvarado agreed with Michael and Maria Flamburis to inflict a constitutional harm on Plaintiff.  Thus, there is a genuine question of material fact as to whether Defendants acted in concert with the Flamburises.

7

### IV.     Qualified Immunity

Finally, Defendants contend that they are entitled to qualified immunity. "Deciding a claim of qualified immunity generally involves two inquiries:  (1) has the plaintiff alleged facts that, if proved, would establish a constitutional violation; and (2) would a reasonable officer have known his actions were unconstitutional in light of clearly established law?" *Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010).

The court concludes that Defendants are not entitled to qualified immunity at this stage. As already discussed, there are disputes concerning the existence of probable cause for the arrest.  With respect to the second prong of the test, the Seventh Circuit has referred to that second inquiry as a question of whether an officer had "arguable probable cause." *Wollin v. Gondert*, 192 F.3d 616, 621 (7th Cir. 1999).  The question is whether "a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law." *Id.*  Thus, under the summary judgment standard, Plaintiff must present evidence from which a reasonable jury could find that no reasonable officer would have found probable cause for Plaintiff's arrest. The evidence meets that standard.  As discussed above, neither Maria's criminal complaint, nor her description of the events to Alvarado satisfied the elements of assault. Guerrero observed that the complaint's reference to Maria's fear of a "future battery," as opposed to an "immediate battery," would have raised a "red flag" to him.  (Guerrero Dep. 18:7-12.)  Further, according to Alvarado, Maria told him that Plaintiff merely told her to "watch herself," and that she was afraid that she migh be struck if she responded to Plaintiff verbally.  (Alvarado Dep. 16:13-17.)  These facts could lead a reasonable jury to find that no reasonable officer could have believed that Plaintiff had committed an assault.

8

**CONCLUSION**

For the reasons outlined above, there are genuine disputes of material fact precluding summary judgment on Plaintiff's claims of unreasonable seizure and conspiracy. Plaintiff's claim of malicious prosecution fails as a matter of law. Accordingly, Defendants' motion for summary judgment [53] is granted with respect to Plaintiff's claim for malicious prosecution and otherwise denied.

ENTER:

Dated: October 5, 2020

_____
REBECCA R. PALLMEYER
United States District Judge